**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10635
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTONIUS RUSSELL FORD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:13-cr-00230-SDM-AEP-4

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Antonius Russell Ford appeals his sentence of 12 months' imprisonment for violating his supervised release conditions. He asserts the district court erred by including in its written judgment

a provision that was not orally pronounced at his sentencing hearing—that until all fines, restitution, costs, and special assessments are paid, he must notify the U.S. Attorney of any change of name or address, and must notify the court and the U.S. Attorney of any material change in his economic conditions (Debtor's Provision). He contends that, because the court's oral pronouncement of his sentence and the written judgment do not comport, his sentence should be vacated and remanded.

Generally, when a defendant fails to object to the conditions of his supervised release at sentencing, we review his argument for plain error. *United States v. Etienne*, 102 F.4th 1139, 1144 (11th Cir. 2024). However, when a defendant had no opportunity to object at sentencing because the conditions were included for the first time in the written judgment, we review the issue de novo. *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023).

We have held that "[a] district court must orally pronounce a defendant's sentence in his presence, and ordinarily the court cannot add to the defendant's sentence in a written judgment entered after the sentencing hearing." *Id*. at 1246. Specifically, "a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release." *Id*. The omission of a discretionary condition at the sentencing hearing that is later included in the written judgment "violates principles of due process because the defendant was denied an opportunity to be heard on the discretionary condition." *Id*. at 1248. However, this due process violation is subject to harmless-error review. *Id*. at 1249

n.9. "The government bears the burden of establishing that the error was harmless beyond a reasonable doubt." *Id.*

While Ford's written judgment does not fully comport with his orally pronounced sentence, the error is harmless. *Id.* The orally pronounced sentence discussed only the term of imprisonment and the fact that Ford would not be subject to any further supervised release, but did not mention any criminal monetary penalties or other related provisions. His written sentence included the Debtor's Provision, which was not orally pronounced at the revocation hearing. The provision is relevant only to judgment debtors, which Ford is not, as he was never ordered to pay any fine or restitution. The provision states that it applies only conditionally, "[u]ntil all fines . . . are fully paid" and "[i]f ordered to pay restitution . . . ," neither of which Ford must do because he is not a judgment debtor.

So long as the change is not a "substantive alteration to a criminal sentence," a district court may correct a written judgment that "unambiguously conflicts" with the oral pronouncement of a defendant's sentence, to mitigate any constitutional problem. *United States v. Read*, 118 F.4th 1317, 1322 (11th Cir. 2024). Under Federal Rule of Criminal Procedure 36, "[c]ourts may determine only whether the judgment contains clerical mistakes: minor uncontroversial errors." *Id.* (quotation marks omitted). If we determine that there is a clerical error, we remand with instructions for the district court to correct the judgment. *Id.*

A change in the judgment would not be a substantive alteration to Ford's criminal sentence, as the Debtor's Provision does not apply to Ford at all.  Its inclusion in Ford's written judgment was a clerical error.  Thus, we **AFFIRM** Ford's orally pronounced sentence, and **VACATE** and **REMAND** with instructions that the district court correct the written judgment by deleting the Debtor's Provision from Ford's written judgment.